UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| | ) No.:1:14-cr-61 |
| v. | ) |
| | ) Collier/Carter |
| | ) |
| SHANNON FERGUSON | ) |

REPORT AND RECOMMENDATION

I. Introduction

Defendant Shannon Ferguson's Motion to Suppress (Doc. 13) is before the undersigned Magistrate Judge having been referred by the District Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). He is charged with being a felon in possession of a firearm and ammunition (Doc. 1). Defendant seeks suppression of any and all evidence seized by law enforcement from a pickup truck in which he was a passenger on the basis that at the time of the stop of the vehicle there was no reason to stop the vehicle (Doc. 13, Defendant's Motion, pp. 1-2). Because I find police had a valid outstanding warrant for Defendant's arrest and had far more than a reasonable suspicion to believe he was in the vehicle, I RECOMMEND that the Defendant's Motion to Suppress be DENIED.

II. Relevant Facts

An evidentiary hearing was held before the undersigned Magistrate Judge on Tuesday, October 21, 2014. Detective Henry Ritter of the Hamilton County Sheriff's Department was the only witness to testify. I found his testimony credible. He and approximately 35 other officers are members of the Criminal Investigation Division ("CID"). He has nearly 19 years of

experience and testified the members of CID share information about potential suspects.

Det. Ritter received information about a rash of utility trailer thefts in the area. CID analysts pulled up names of suspects convicted of stealing or reported to be involved in such thefts. On October 30, 2013, a report was created and circulated to officers and a roundup of suspects was planned. There were outstanding arrest warrants for all those listed in the report. Detectives Ritter and Lee had a report that included booking photos of Ferguson and his girlfriend, Ms. Johnson. Det. Ritter was personally familiar with Ferguson. An active warrant or warrants were outstanding for Ferguson. Det. Ritter could not remember the specific charge but was aware that warrants for Ferguson's arrest needed to be served. He was actively looking for him.

Det. Ritter had received a report the day before the arrest that Ferguson was seen with his girlfriend in a small Honda type of car with the tag TN J8794N. Det. Ritter knew of several possible addresses for Ferguson including 9027 Wooten Road which was the address of Ferguson's father and was used by Ferguson as his address in prior bookings at the jail.

On November 13, 2013, Detectives Ritter and Lee drove by the Defendant's parents' residence hoping to spot him. While driving westbound down the street, the detectives noticed a truck in the driveway bearing the same Tennessee license plate that had been seen on the car the defendant was observed driving the day before – TN J8794N. The detectives circled back to get another look. As they approached the residence from the eastbound lane, the truck with the J8794N license plate was backing out of the driveway and pulling onto the westbound lane of Wooten Road. As they continued down the road, the detectives were facing the truck head-on. From this position, Det. Ritter was able to – and did – make a positive identification of the

defendant. He was able to clearly see both Ferguson and the driver, Ms. Johnson. The officers then blocked the truck's path and initiated the stop. Other officers were called to the scene.

Ferguson and his girlfriend were taken into custody. During a pat down of Ferguson, methamphetamine was recovered. Ferguson was turned over to a fugitive detective who placed him in the back of another police car. Ferguson turned over a necklace he was wearing to Det. Ritter saying it had a handcuff key on it. At that time Ritter saw a bullet next to Ferguson in the seat of the police car. A further pat down search of Ferguson revealed a total of 5 bullets, 3 of them in Ferguson's pocket. A loaded firearm was also recovered in a bag at the feet of the defendant.

### III. Analysis

A.    <u>The Stop Was Supported By Reasonable Suspicion</u>

In his Motion to Suppress, the Defendant contends the detectives stopped him on November 13, 2013, without reasonable suspicion, on the grounds that "[n]othing indicates the officers knew the vehicle and to whom it belonged, saw who was in the vehicle before they stopped it or had any other reason for which to stop the vehicle." However, the facts simply do not support this contention. The officers recognized the truck as having a license plate that had been attached to a car the defendant had been observed driving the day before. Most importantly, however, before the officers initiated the stop, Det. Ritter observed the two individuals in the truck and, based on his familiarity with the Defendant's photograph and his own personal knowledge of the Defendant, he knew the male individual was Shannon Ferguson and he knew there was an active warrant for his arrest. Therefore, the detectives did have reasonable suspicion at the time that they

3

initiated the stop. *See, e.g., United States v. Hudson*, 405 F.3d 425, 434 (6th Cir. 2005), stating that had the officers "positively, or at least reasonably, identified [the defendant] as a passenger *before* approaching [the] car with their guns drawn—for example, by reference to a photograph of [the defendant], or a composite drawing," then "they would have had reasonable suspicion to seize the car and its occupants."). Once Det. Ritter arrested Defendant on the outstanding arrest warrant or warrants, he could lawfully search Defendant incident to arrest. *Chimel v. California,* 395 U.S. 752, 763 (1969); *United States v. McCraney*, 674 F.3d 614, 618-619 (6th Cir. 2012), *United States v. Montgomery*, 377 F.3d 582, 586 (6th Cir. 2004) ("Under the 'search-incident-to-a-lawful-arrest' exception to the warrant requirement, a law enforcement officer may conduct a full search of an arrestee's person incident to a lawful custodial arrest.") (citing *United States v. Robinson*, 414 U.S. 218, 234–35 (1973)).

## IV. Conclusion

Accordingly, for the reasons stated herein, I RECOMMEND the Defendant's Motion to Suppress (Doc 13) be DENIED.[1]

S /William B. Mitchell Carter
UNITED STATES MAGISTRATE JUDGE

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 59(b)(2) of the Federal Rules of Criminal Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 88 L.Ed.2d 435, 106 S. Ct. 466 (1985). The district court need not provide *de novo* review where objections to this report and recommendation are frivolous, conclusive or general. *Mira v. Marshall*, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. *Smith v. Detroit Federation of Teachers*, 829 F.2d 1370 (6th Cir. 1987).