UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | 1:14-CR-61 |
| v. ) | |
| ) | Judge Curtis L. Collier |
| SHANNON FERGUSON ) | |

**MEMORANDUM & ORDER**

Defendant Shannon Ferguson ("Defendant") filed a motion to suppress evidence discovered after officers stopped a pickup truck in which he was a passenger (Court File No. 13). The motion was referred to United States Magistrate Judge William B. Mitchell Carter who, after holding a hearing, filed a Report and Recommendation ("R&R") concluding Defendant's motion should be denied (Court File No. 19). Defendant timely objected (Court File No. 20), and the government responded to the objection (Court File No. 21). For the following reasons, the Court **ACCEPTS** and **ADOPTS** the R&R (Court File No. 19). Accordingly, Defendant's motion to suppress is **DENIED** (Court File No. 13).

**I.     RELEVANT FACTS**

The following recitation of facts is derived primarily from the Magistrate Judge's R&R. After learning about a rash of utility trailer thefts, Hamilton County Sheriff's Department Detective Henry Ritter ("Det. Ritter") and Criminal Investigation Division ("CID") analysts compiled a list of suspects, one of whom was Defendant. All suspects, including Defendant, had outstanding warrants. Det. Ritter had actively been trying to apprehend Defendant, with whom he was personally familiar. Det. Ritter and CID Det. Lee had also viewed booking photos of Defendant and his girlfriend, Ms. Johnson.

The detectives received a report that Defendant had recently been seen with Ms. Johnson in

a Honda-type car with the license plate TN J8794N. On November 13, 2014, the detectives drove by one of Defendant's last known addresses, his father's house. They noticed a pickup truck in the driveway with the TN J8794N tag. When the detectives circled back around, the truck was heading toward them. After Det. Ritter visually identified Defendant as the front seat passenger in the truck, the detectives pulled in front of the truck to block it. Defendant and Ms. Johnson were taken into custody. A pat down of Defendant uncovered methamphetamine. Det. Ritter noticed a bullet next to Ferguson on the seat of the police car. Another pat down revealed a total of five bullets, three in Defendant's pockets. Detectives then located a loaded firearm in a bag where Defendant had been sitting in the truck.

Defendant filed a motion to suppress, arguing that the detectives did not have adequate grounds to stop the truck. Following a hearing in which Det. Ritter testified, the Magistrate Judge issued an R&R recommending the Court deny the motion to suppress (Court File No. 19). The Magistrate Judge found Det. Ritter credible and, based on the facts outlined above, determined there was reasonable suspicion to stop the truck. Defendant then filed the instant objection.

II. **STANDARD OF REVIEW**

This Court must conduct a *de novo* review of those portions of the R&R to which objection is made. 28 U.S.C. § 636(b)(1)(C). But *de novo* review does not require the district court to rehear witnesses whose testimony has been evaluated by the Magistrate Judge. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). The Magistrate Judge, as the factfinder, had the opportunity to observe and hear the witnesses and assess their demeanor, putting him in the best position to determine credibility. *See Moss v. Hofbauer*, 286 F.3d 851, 868 (6th Cir. 2002); *United States v.*

*Hill*, 195 F.3d 258, 264-65 (6th Cir. 1999). The Magistrate Judge's assessment of witnesses' testimony is therefore entitled to deference. *United States v. Irorere*, 69 F. App'x 231, 236 (6th Cir. 2003).

**III.   DISCUSSION**

Defendant objects to the Magistrate Judge's finding that Det. Ritter was credible, given that (1) he testified to facts not included in the report he filed on the day of the arrest and (2) it was unlikely Det. Ritter could have had time to both visually identify Defendant and pull in front of the truck.[1] Defendant does not object to the Magistrate Judge's legal analysis and, consequently, concedes that if the Magistrate Judge's factual determinations stand, the stop and subsequent searches were not illegal.

Defendant does not show—and the Court does not see—how the facts that Det. Ritter's hearing testimony was more detailed than his contemporaneously-filed report undermines his credibility. The facts not included in the report dealt with background information regarding the investigation and a description of where exactly the detectives drove once on the scene. Officers cannot be expected to include every potentially relevant background detail in police reports.[2] Additionally, Defendant was able to cross examine Det. Ritter regarding differences between the report and his testimony. The Magistrate Judge was in the best position to made a credibility

---

[1] Defendant notes that he "is not contending that Detective Ritter purposefully provided false information, simply that it was not accurate, due to mistake or failed memory" (Court File No. 20).

[2] Even testimony that is inconsistent with a prior report does not always indicate a lack of credibility. *See, e.g.*, *United States v. Pettis*, No. 14-3341, 2014 WL 6601028, at *2 (6th Cir. Nov. 21, 2014) (finding that "inconsistencies between [the officer's] contemporaneous police report and his testimony at the suppression hearing" did not vitiate officer's credibility).

determination, as he was able to observe and hear Det. Ritter and assess his demeanor. *See Moss*, 286 F.3d at 868; *Hill*, 195 F.3d at 264-65. Defendant has not shown why this credibility determination should not receive the deference to which it would ordinarily be entitled. *See Irorere*, 69 F. App'x at 236. The same goes for Det. Ritter's testimony that he visually identified Defendant before the detectives pulled in front of the truck. Further, the Court does not think it unusual that the occupants of one vehicle driving toward another at a reasonable speed would have the chance to both see who was in the front seat of other vehicle and block the road.

## IV. CONCLUSION

For the foregoing reasons, the Court **ACCEPTS** and **ADOPTS** the R&R (Court File No. 19). Accordingly, Defendant's motion to suppress is **DENIED** (Court File No. 13).

**SO ORDERED.**

**ENTER:**

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**